UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**TERREA EVERETT,**

    *Plaintiff,*

    *v.*

**BANK OF AMERICA N.A.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS
UNION LLC.; and EQUIFAX
INFORMATION SERVICES,
LLC.**

    *Defendants.*

Case Number:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## COMPLAINT

COMES NOW the Plaintiff, TERREA EVERETT ("Ms. Everett" or "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, BANK OF AMERICA N.A., ("Bank of America") EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), TRANS UNION LLC ("Trans Union"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and states the following:

## PRELIMINARY STATEMENT

1.    This is an action brought by Ms. Everett against the Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction over Ms. Everett's FCRA, 15 U.S.C. § 1681, *et seq.*, claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Defendant Bank of America is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4.      Defendant Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

5.      Defendant Trans Union is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

6.      Defendant Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k)

7.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because Defendants transact business here, and a substantial part of the events or omissions giving rise to the claims occurred here.

## **PARTIES**

8.      Ms. Everett is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

9.      Ms. Everett is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

10.      Defendant Bank of America is a Delaware corporation, with a principal business address of 100 North Tryon Street, Charlotte, NC 28255 and is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

11.      Defendant Bank of America is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

12.       Defendant Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626 and is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd.,

Plantation, FL 33324.

13.     Defendant Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14.     Defendant Trans Union is a Delaware Limited Liability Company, with a principal place business address of 555 W Adams Street, Chicago, IL 60661 and is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

15.     Defendant Trans Union is a nationwide CRA within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

16.     Defendant Equifax is a Georgia Limited Liability Company, with a principal place business address of 1550 Peachtree St NE Atlanta, GA 30309 and is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

17.     Defendant Equifax is a nationwide CRA within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

## GENERAL ALLEGATIONS

18.     This action involves derogatory and inaccurate reporting of an alleged "charge off" by Defendants Bank of America, Experian, Trans Union and Equifax.

19.     "Charge off" is an accounting term, and simply means that the credit grantor has given up on collecting an unpaid balance and has written the debt off as a loss. See, https://www.experian.com/blogs/ask-experian/what-is-a-charge-off/ (last accessed June 14, 2024)

20.     When an account displays a status of "charge off", the debt is still owed. Id.

21.     The United States Congress has founded the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the baking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued function of the banking system. Congress enacted the FCRA, 15 U.S.C. § 1681 *et seq.,* to ensure fair and accurate reporting, promote efficiency in the baking system, and protect consumer privacy.

22.     Under the FCRA, furnishers of information have two duties imposed on them. Furnishers of information must report complete and accurate information regarding the consumers about whom the furnishers report. Pursuant to 15 U.S.C. § 1681s-2(a)(1)(A), a furnisher of information shall:

(A) not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

23.     A second duty is imposed on furnishers of information once they receive a "notice of dispute" – that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. Pursuant to 15 U.S.C. § 1681s-2(b), after receiving a notice of dispute, the furnisher shall:

(A) Conduct an investigation with respected to the disputed information;

(B) Review all relevant information provided by the [CRA] pursuant to § 1681i(a)(2)…;

(C)  Report the results of the investigation to the [CRA];

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information..' and

4

(E)   If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after a reinvestigation under paragraph (1) ...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

24.    Any furnisher of information who negligently fails to comply with any of its duties under the FCRA is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1,000, for punitive damages, as well as for costs and attorney fees.

25.    Under the FCRA, consumer reporting agencies have two primary duties. CRAs are required to follow reasonable procedures to assure maximum possible accuracy of information. Pursuant to 15 U.S.C. § 1681e(b), while preparing consumer reports CRAs shall:

(A) follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

26.    Additionally, CRAs have a duty to reasonably reinvestigate consumers' disputes of inaccurate information, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

27.    Under the FCRA, during reinvestigation, CRAs must also review and consider all relevant information submitted by the consumer, pursuant to 15 U.S.C. § 1681i(a)(4).

28.    Under the FCRA, after reinvestigation, CRAs must promptly modify or delete inaccurate information from the consumer file and promptly notify the furnisher of information about the modification or deletion, pursuant to U.S.C. § 1681i(a)(5).

29.    Under the FCRA, any subsequent consumer reports that CRAs publish that continues to have the information in question needs to clearly note that the consumer disputes it, pursuant to 15 U.S.C. § 1681i(c)

30.     Any CRA who negligently fails to comply with any of its duties under the FCRA is liable to the consumer for actual damages, the cost of litigation, and attorney fees. If the violation is willful, the CRA is liable for actual damages or minimum statutory damages up to $1,000, punitive damages, as well as for costs and attorney fees.

## **FACTUAL ALLEGATIONS**

31.     On or around September 17, 2015, Ms. Everett took out an auto loan with Defendant Bank of America in the amount of $16,399.

32.     Ms. Everett continually made payments on time, but for a late payment in or around 2017, and a late payment in or around September 2019.

33.     Around the time of the second missed payment Ms. Everett's account balance was $716.28.

34.     On or around February 24, 2020, Defendant Bank of America notified Ms. Everett it transferred the remaining balance of $716.28 out of Ms. Everett's checking account and into her installment account exercising their right to "set off" a debt as stated in their Deposit Agreement and Disclosures. This transaction satisfied Ms. Everett's account.

35.     On or about February 24, 2020, Ms. Everett no longer had a balance and did not owe any money on the respective auto loan with Defendant Bank of America.

36.     On or around March 10, 2020, Defendant Bank of America informed Ms. Everett via letter that her account was "satisfied and closed".

37.     In or around August 2023, Ms. Everett discovered that Defendant Equifax was reporting the Bank of America account as a "charge-off" inaccurately on her credit report.

38.     In or around August 2023, Ms. Everett filed a notice of dispute with Defendant Equifax stating the status of her Bank of America account reflecting a "charge-off" was

incorrect.

39.     In or around August 2023, Equifax completed an investigation on Ms. Everett's dispute and found the "charge off" status disputed was correct.

40.     In or around August 2023, Defendant Equifax promptly and properly gave notice to Defendant Bank of America of the dispute in accordance with the FCRA.

41.     In or around August 2023, Defendant Bank of America confirmed with Equifax that the "charge-off" status was correct.

42.     In or around August 2023, Ms. Everett discovered that Defendant Experian was reporting the Bank of America account as a "charge-off" and inaccurately on her credit report that the account was "Paid, Closed, $716 written off".

43.     In or around August 2023, Ms. Everett discovered that Defendant Trans Union was reporting the Bank of America account as a "charge-off" and inaccurately reporting on her credit report that the account was "Account paid in full. Was a Charge off".

44.     In or around August 2023, Ms. Everett filed a notice of dispute with Defendant Experian stating the status of her Bank of America account reflecting a "charge-off" is incorrect.

45.     In or around August 2023, Ms. Everett filed a notice of dispute with Defendant Trans Union stating the status of her Bank of America account reflecting a "charge-off" was incorrect.

46.     In or around September 2023, Experian completed an investigation on Ms. Everett's dispute and found the "charge off" status disputed was accurate.

47.     In or around September 2023, Trans Union completed an investigation of Ms. Everett's dispute and found the "charge off" status disputed was correct.

48.     In or around September 2023, Defendants Experian and Trans Union promptly

and properly gave notice to Defendant Bank of America of the dispute in accordance with the FCRA.

49.    In or around September 2023, Defendant Bank of America confirmed with Experian and Trans Union that the "charge-off" status was correct and/or accurate.

50.    To this date of filing the complaint, the incorrect status reflecting a "charge-off" is listed on Defendants Experian, Trans Union and Equifax credit reports.

**COUNT 1**
**BANK OF AMERICA'S WILLFUL VIOLATIONS OF THE FCRA**

51.    Ms. Everett adopts and incorporates paragraphs 1-50 as if fully stated herein.

52.    Defendant Bank of America is a furnisher of information that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

53.    On at least one occasion, by example only and without limitation, Defendant Bank of America violated 15 U.S.C. § 1681s-2(a)(1)(A) by falsely and inaccurately reported Ms. Everett's consumer information to CRAs as a "charge-off".

54.    Defendant Bank of America had reasonable cause to believe and specific knowledge that the status of "charge off" it reported to CRAs was incorrect as it sent Ms. Everett communications stating that her account was satisfied via a "set off", paid, and closed.

55.    Defendant Bank of America did not write the debt off as a loss as the account balance was fully paid by Ms. Everett's funds.

56.    Defendant Bank of America never sent any communication to Ms. Everett regarding her auto loan account being a "charge-off" and there is no other evidence to believe the account was written off as uncollectible.

57.     Defendant Bank of America's second duty was triggered once CRAs promptly notified them in accordance with the FCRA of Ms. Everett's dispute of the "charge-off" status.

58.     On at least one occasion, by example and without limitation, in response to the notice received, Defendant Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation in regard to the "charge off" status which is the subject of the disputes.

59.     Instead of conducting a reasonable investigation, Defendant Bank of America erroneously validated the disputed information.

60.     If Defendant Bank of America had conducted a reasonable investigation data showing the debt being satisfied via their right to "set off" and the communications to Ms. Everett would have been discovered. Also, Defendant Bank of America would have corrected the information on Ms. Everett's credit reports.

61.     On at least one occasion, by example, and without limitation, Defendant Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(B) by not reviewing all of the information provided by Defendants Experian and Trans Union.

62.     On at least one occasion, by example, and without limitation, Defendant Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(E) by not changing and deleting the incorrect status of "charge-off".

63.     Upon information and belief, Defendant Bank of America was aware of the FCRA obligations to accurately report information and reasonably investigate disputes when it received notice from CRAs.

64.     Defendant Bank of America was per se deficient by reason of these failures in reporting accurate information and investigating Ms. Everett's disputed information.

65.     As a direct and proximate result of Defendant Bank of America's violations of 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b), Ms. Everett suffered actual damages including but not limited to: (i) money lost attempting to fix Plaintiff's credit, (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear or rejection.

66.     Defendant Bank of America's actions in violation of 15 U.S.C. 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b) were willful rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     WHEREFORE, Ms. Everett, respectfully requests this Court to enter into a judgment against Defendant Bank of America, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## BANK OF AMERICA'S NEGLIGENT VIOLATIONS OF THE FCRA

68.     Ms. Everett adopts and incorporates paragraphs 1-50 as if fully stated herein.

69.     Defendant Bank of America has a legal duty to report complete and accurate information, pursuant to 15 U.S.C. § 1681s-2(a)(1)(A).

70.     On at least one occasion, by example only and without limitation, Defendant Bank of America breached their duty, pursuant to 15 U.S.C. § 1681s-2(a)(1)(A) by falsely and inaccurately reported Ms. Everett's consumer information to CRAs as a "charge-off".

71.     Defendant Bank of America has a legal duty to conduct a reasonable investigation once given proper notice with regard to disputed information, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

72.     On at least one occasion, by example and without limitation, in response to the notice received, Defendant Bank of America breached their duty, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation in regard to the "charge off" status which is the subject of the disputes.

73.     Defendant Bank of America has a legal duty to review all information provided by CRAs, pursuant to 15 U.S.C. § 1681s-2(b)(1)(B).

74.     On at least one occasion, by example, and without limitation, Defendant Bank of America breached their duty, pursuant to 15 U.S.C. § 1681s-2(b)(1)(B) by not reviewing all of the information provided by Defendants Experian and Trans Union.

75.      Defendant Bank of America has a legal duty to change and delete inaccurate information, pursuant to 15 U.S.C. § 1681s-2(b)(1)(E).

76.     On at least one occasion, by example, and without limitation, Defendant Bank of America breached their duty pursuant to 15 U.S.C. § 1681s-2(b)(1)(E) by not correcting and deleting the incorrect status of "charge-off".

77.     When Defendant Bank of America reported information to CRAs it could and should have reported an accurate status of a satisfied debt regarding Ms. Everett's account.

78.     When Defendant Bank of America received notice of Ms. Everett's disputes from Defendants Experian and Trans Union, Defendant Bank of America could and should have reviewed its own systems and previous communications with Ms. Everett as part of its investigation.

79.     When Defendant Bank of America received notice of Ms. Everett's disputes from Defendants Experian and Trans Union, Defendant Bank of America could and should have taken all information from the CRAs into account and made the changes to Ms. Everett's "charge off" status.

80.     Defendant Bank of America would have discovered that the information it was reporting about Ms. Everett was inaccurate if Defendant Bank of America had reviewed its own systems and previous communications with Ms. Everett.

81.     Defendant Bank of America was per se deficient by reason of these failures in reporting accurate information and investigating Ms. Everett's disputed information.

82.     As a direct and proximate result of Defendant Bank of America's violations of 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b), Ms. Everett suffered actual damages including but not limited to: (i) money lost attempting to fix Plaintiff's credit, (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear or rejection.

83.     Defendant Bank of America's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     WHEREFORE, Ms. Everett, respectfully requests this Court to enter into a judgment against Defendant Bank of America, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate

under the circumstances.

**COUNT 3**
**EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA**

85.     Ms. Everet adopts and incorporates paragraphs 1-50 as if fully stated herein.

86.     On at least one occasion within the past year, by example, and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Ms. Everett.

87.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau". Defendant Experian regularly obtains and analyses financial information about consumer transactions of experiences with any consumer.

88.     Defendant Experian prepared and issued consumer credit reports concerning Ms. Everett which includes inaccurate and derogatory reporting of Ms. Everett's auto loan account with Defendant Bank of America reflecting it as a "charge off" and continues to include the same inaccurate and derogatory reporting.

89.     Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everett's credit reports and credit files when investigating Ms. Everett's disputes of the information contained in Ms. Everett's Experian credit report.

90.     Despite Defendant Experian having received Ms. Everett's dispute asserting the "charge-off" status being incorrect, Defendant Experian continues to report the Bank of America account as "Paid, Closed, $716 written off".

91.     Reporting and continuing to report the status of the Bank of America account in this fashion is significant.

92.    By reporting and continuing to report the status of the Bank of America Account in this fashion, lenders believe Ms. Everett failed to satisfy a debt which was ultimately written off by the creditor, negatively reflecting on Ms. Everett's creditworthiness by impacting her credit score negatively.

93.    Credit scoring algorithms take Ms. Everett's "charge off" status into consideration when generating a credit score and showing this incorrect status would cause a lower credit score to be generated.

94.    Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

95.    Defendant Experian failed to review and consider all relevant information submitted by Ms. Everett.

96.    Defendant Experian failed to conduct an independent investigation, and, instead, deferred to Defendant Bank of America, when it permitted the derogatory information to remain on Ms. Everett's credit report after Ms. Everett's dispute.

97.    Defendant Experian's reporting of inaccurate information about the "charge off" status, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everrett's credit reports and file.

98.    Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information about Ms. Everett.

99.    Ms. Everett has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Ms. Everett.

100.    Defendant Experian's procedures were per se deficient by reason of these failures

in ensuring the maximum possible accuracy of Ms. Everett's credit report and files.

101.    Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

102.    The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

103.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

104.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

105.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

106.     WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgement against Defendant Experian, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA

107.     Ms. Everett adopts and incorporates paragraphs 1-50 as if fully states herein.

108.     Defendant Experian has a legal duty to conduct a reasonable reinvestigation with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

109.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian breached their duty, pursuant to 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the "charge off" status.

110.     Defendant Experian has a legal duty to review and consider all relevant information submitted by the consumer with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(4).

111.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian breached their duty, pursuant to 15 U.S.C. § 1681i(a)(4) by

failing to consider and review all information submitted by Ms. Everett regarding the "charge off" status.

112.    Defendant Experian has a legal duty to delete inaccurate information, pursuant to 15 U.S.C. § 1681i(a)(5).

113.    On at least one occasion, by example only and without limitation, Defendant Experian breached their duty, pursuant to 15 U.S.C. § 1681i(a)(5) by failing to delete the "charge off" status from Ms. Everett's credit report.

114.    Additionally, Defendant Experian has a legal duty report the accounts identified by Ms. Everett as "disputed", pursuant to 15 U.S.C. § 1681i(c).

115.    On at least one occasion, by example only and without limitation, Defendant Experian breached their duty, pursuant to 15 U.S.C. § 1681i(c) when by failing to identify Ms. Everett's account as disputed.

116.    Defendant Experian has negligently non complied with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps

to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

117.    The conduct, action, and inaction, of Defendant Experian was negligent noncompliance, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

118.    Ms. Everett is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.    As a result of the conduct, action, and inaction of Defendant Experian, Ms. Everett suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

120.    WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## TRANS UNION'S WILLFUL VIOLATIONS OF THE FCRA

121.    Ms. Everett adopts and incorporates paragraphs 1-50 as if fully stated herein.

122.    On or at least one occasion within the past year, by example, and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Ms. Everett.

123.    Defendant Trans Union is engaged in the business of credit reporting and is

commonly referred to as a "Credit Bureau". Defendant Trans Union regularly obtains and analyses financial information about consumer transactions of experiences with any consumer.

124.    Defendant Trans Union prepared and issued consumer credit reports concerning Ms. Everett which includes inaccurate and derogatory reporting of Ms. Everett's auto loan account with Defendant Bank of America reflecting it as a "charge off" and continues to include the same inaccurate and derogatory reporting.

125.    Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everett's credit reports and credit files when investigating Ms. Everett's disputes of the information contained in Ms. Everett's Trans Union credit report.

126.    Despite Defendant Trans Union having received Ms. Everett's dispute claiming the "charge-off" status being incorrect, Defendant Trans Union continues to report the Bank of America account as "Account paid in full. Was a Charge off."

127.    Reporting and continuing to report the status of the Bank of America account in this fashion is significant.

128.    By reporting and continuing to report the status of the Bank of America Account in this fashion, lenders believe Ms. Everett failed to satisfy a debt which was ultimately written off by the creditor negatively reflecting on Ms. Everett's creditworthiness by impacting her credit score negatively.

129.    Credit scoring algorithms take Ms. Everett's "charge off" status into consideration when generating a credit score and showing this incorrect status would cause a lower credit score to be generated.

130.    Defendant Trans Union failed to conduct a reasonable investigation and

19

reinvestigation.

131.    Defendant Trans Union failed to review and consider all relevant information submitted by Ms. Everett.

132.    Defendant Trans Union failed to conduct an independent investigation, and, instead, deferred to Defendant Bank of America, when it permitted the derogatory information to remain on Ms. Everett's credit report after Ms. Everett's dispute.

133.    Defendant Trans Union's reporting of inaccurate information about the "charge off" status, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everrett's credit reports and file.

134.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate information about Ms. Everett.

135.    Ms. Everett has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Ms. Everett.

136.    Defendant Trans Union's procedures was per se deficient by reason of these failures in ensuring the maximum possible accuracy of Ms. Everett's credit report and files.

137.    Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report

of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

138.   The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

139.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

140.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

141.   As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

142.   WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgement against Defendant Trans Union, awarding Ms. Everett the following relief: [1] actual

damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6

### TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA

143.    Ms. Everett adopts and incorporates paragraphs 1-50 as if fully states herein.

144.    Defendant Trans Union has a legal duty to conduct a reasonable reinvestigation with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

145.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union breached their duty, pursuant to 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the "charge off" status.

146.    Defendant Trans Union has a legal duty to review and consider all relevant information submitted by the consumer with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(4).

147.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union breached their duty, pursuant to 15 U.S.C. § 1681i(a)(4) by failing to consider and review all information submitted by Ms. Everett regarding the "charge off" status.

148.    Defendant Trans Union has a legal duty to delete inaccurate information, pursuant to 15 U.S.C. § 1681i(a)(5).

149.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union breached their duty, pursuant to 15 U.S.C. § 1681i(a)(5) by failing to delete the "charge off" status from Ms. Everett's credit report.

150.     Additionally, Defendant Trans Union has a legal duty report the accounts identified by Ms. Everett as "disputed", pursuant to 15 U.S.C. § 1681i(c).

151.     On at least one occasion, by example only and without limitation, Defendant Trans Union breached their duty, pursuant to 15 U.S.C. § 1681i(c) when by failing to identify Ms. Everett's account as disputed.

152.     Defendant Trans Union has negligently non complied with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

153.     The conduct, action, and inaction, of Defendant Trans Union was negligent noncompliance, thereby rendering Defendant Trans Union liable for actual, statutory, and

punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

154.    Ms. Everett is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.    As a result of the conduct, action, and inaction of Defendant Trans Union, Ms. Everett suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

156.    WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## EQUIFAX'S WILLFUL VIOLATIONS OF THE FCRA

157.    Ms. Everett adopts and incorporates paragraphs 1-50 as if fully stated herein.

158.    On or at least one occasion within the past year, by example, and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Ms. Everett.

159.    Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau". Defendant Trans Union regularly obtains and analyses financial information about consumer transactions of experiences with any consumer.

160.     Defendant Equifax prepared and issued consumer credit reports concerning Ms. Everett which includes inaccurate and derogatory reporting of Ms. Everett's auto loan account with Defendant Bank of America reflecting it as a "charge off" and continues to include the same inaccurate and derogatory reporting.

161.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everett's credit reports and credit files when investigating Ms. Everett's disputes of the information contained in Ms. Everett's Trans Union credit report.

162.     Despite Defendant Equifax having received Ms. Everett's dispute claiming the "charge-off" status being incorrect, Defendant Trans Union continues to report the Bank of America account as "Paid Charge off."

163.     Reporting and continuing to report the status of the Bank of America account in this fashion is significant.

164.     By reporting and continuing to report the status of the Bank of America Account in this fashion, lenders believe Ms. Everett failed to satisfy a debt which was ultimately written off by the creditor negatively reflecting on Ms. Everett's creditworthiness by impacting her credit score negatively.

165.     Credit scoring algorithms take Ms. Everett's "charge off" status into consideration when generating a credit score and showing this incorrect status would cause a lower credit score to be generated.

166.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

167.     Defendant Equifax failed to review and consider all relevant information

submitted by Ms. Everett.

168.    Defendant Equifax failed to conduct an independent investigation, and, instead, deferred to Defendant Bank of America, when it permitted the derogatory information to remain on Ms. Everett's credit report after Ms. Everett's dispute.

169.    Defendant Equifax's reporting of inaccurate information about the "charge off" status, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Ms. Everrett's credit reports and file.

170.    Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate information about Ms. Everett.

171.    Ms. Everett has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Ms. Everett.

172.    Defendant Equifax's procedures was per se deficient by reason of these failures in ensuring the maximum possible accuracy of Ms. Everett's credit report and files.

173.    Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure

26

to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

174.   The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

175.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

176.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

177.   As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

178.   WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgement against Defendant Equifax, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any

other relief that this Court deems proper under the circumstances.

## COUNT 8
## EQUIFAX'S NEGLIGENT VIOLATIONS OF THE FCRA

179.    Ms. Everett adopts and incorporates paragraphs 1-50 as if fully stated herein.

180.    Defendant Equifax has a legal duty to conduct a reasonable reinvestigation with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(1)(A).

181.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the "charge off" status.

182.    Defendant Equifax has a legal duty to review and consider all relevant information submitted by the consumer with respect to the disputed information, pursuant to 15 U.S.C. § 1681i(a)(4).

183.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(4) by failing to consider and review all information submitted by Ms. Everett regarding the "charge off" status.

184.    Defendant Equifax has a legal duty to delete inaccurate information, pursuant to 15 U.S.C. § 1681i(a)(5).

185.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(a)(5) by failing to delete the "charge off" status from Ms. Everett's credit report.

186.    Additionally, Defendant Equifax has a legal duty report the accounts identified by Ms. Everett as "disputed", pursuant to 15 U.S.C. § 1681i(c).

187.    On at least one occasion, by example only and without limitation, Defendant

Equifax breached their duty, pursuant to 15 U.S.C. § 1681i(c) when by failing to identify Ms. Everett's account as disputed.

188.    Defendant Equifax has negligently non complied with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Ms. Everett; [c] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Ms. Everett after being advised by Ms. Everett that the information was inaccurate; [f] the failure to note in the credit report that Ms. Everett disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

189.    The conduct, action, and inaction, of Defendant Equifax was negligent noncompliance, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

190.    Ms. Everett is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

191.    As a result of the conduct, action, and inaction of Defendant Equifax, Ms. Everett suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

192.    WHEREFORE, Ms. Everett, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Ms. Everett the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**TRIAL BY JURY**

193.    Ms. Everett hereby demands a trial by jury on all issues so triable.

Dated this 29th of July 2024

**LACEY | LYONS | REZANKA**

 */s/ Ethan B. Babb*
**ETHAN B. BABB, ESQUIRE**
Florida Bar No. 127488
Email: ebabb@llr.law
Secondary: kschofield@llr.law
6013 Farcenda Pl., Suite 101
Melbourne, FL 32940
Phone: (321) 608-0890
Fax: (321) 608-0891
*Attorney for Plaintiff*